UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MARK SALAZAR, | CASE NO. C26-0722JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.   INTRODUCTION

Before the court are four motions filed by *pro se* Petitioner Andrew Mark Salazar: (1) Mr. Salazar's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (2d § 2255 Mot. (Dkt. # 1)); (2) a motion for equitable tolling (Tolling Mot. (Dkt. # 2)); (3) a motion for leave to proceed with collateral review (Review Mot. (Dkt. # 3)); and (4) a motion to appoint counsel (Counsel Mot. (Dkt. # 4)).  Because Mr. Salazar's § 2255 motion is a second or successive motion, the court REFERS the motion

ORDER - 1

to the Ninth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 2255(h) and DENIES Mr. Salazar's remaining motions without prejudice.

## II.    BACKGROUND

On January 28, 2015, the grand jury returned a superseding indictment charging Mr. Salazar with producing visual depictions of minors engaged in sexually explicit conduct and receiving and possessing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(2), and 2252(a)(4).  (*See* Superseding Indictment (*United States v. Salazar*, No. CR14-0275JLR (W.D. Wash.) ("*Salazar*"), Dkt. # 27).)  On April 13, 2015, Mr. Salazar pleaded guilty to two counts of possession and receipt of visual depictions of minors engaged in sexually explicit conduct in exchange for the dismissal of a count of production of visual depictions of minors engaged in sexually explicit conduct.  (*See* 4/13/15 Min. Entry (*Salazar*, Dkt. # 44); Plea Agreement (*Salazar*, Dkt. # 45).)  The plea agreement included a waiver of collateral attack rights on any sentence consistent with the agreement.  (Plea Agreement at 10-11.)  On August 3, 2015, the court sentenced Mr. Salazar to 238 months of imprisonment to be followed by lifetime supervision.  (Judgment (*Salazar,* Dkt. # 59).) Mr. Salazar did not appeal his sentence or convictions.  (*See generally Salazar* Dkt.)

On November 21, 2017, Mr. Salazar filed his first *pro se* § 2255 motion, in which he asserted that the sentence imposed was unlawful because:

> 1.)  The trial court erred by imposing a sentence that is in excess of the maximum authorized by law;
>
> 2)  the trial court erred by imposing enhancements found to be unconstitutional; and

ORDER - 2

3.)  The United States Attorney unduly exercised their position of authority in applying archaic, outdated enhancements in violation of [Mr. Salazar's] constitutional Sixth Amendment and Due Process rights.

(*See* 1st § 2255 Mot. (*Salazar*, Dkt. # 66) at 2.)  On April 10, 2018, the court dismissed the motion, holding that (1) the motion was barred by 28 U.S.C. § 2255(f)'s one-year statute of limitations, (2) Mr. Salazar failed to raise the issues in the motion on direct appeal, and (3) Mr. Salazar waived his right to bring a collateral attack in his plea agreement.  (*See generally* 4/10/18 Order (*Salazar*, Dkt. # 67).)  Mr. Salazar did not appeal the dismissal of his first § 2255 motion.  (*See generally Salazar* Dkt.)

Mr. Salazar filed the § 2255 motion now before the court on February 23, 2026. (2d § 2255 Mot.)  He argues that his convictions and sentence are unlawful on three grounds:  (1) "all federal statutes criminalizing the production, distribution, viewing, and possession of child pornography are unconstitutional because they have demonstrably and consistently failed to achieve" the goal of "eradication of child pornography from the market"; (2) the "sentencing scheme in all federal child pornography statutes" is unconstitutional because it is based on deterrence and "sexual arousal has been shown to substantially [a]ffect rational thinking and decision-making"; and (3) the "sentencing scheme in all federal child pornography statutes" is unconstitutional because it has failed to achieve the goal of "eradicat[ing] [such] material from the market[.]"  (*Id.* at 13-17.[1])

//

//

//

---

[1] This citation is to the page numbers in the CM/ECF header.

ORDER - 3

### III.   ANALYSIS

Section 2255 permits a petitioner convicted of a crime in federal court to move the court that imposed his or her sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).  "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."  *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Under § 2255(h), a district court cannot consider a second or successive § 2255 motion unless the appropriate court of appeals has certified that the motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. 2255(h).  Section 2255(h) "creates a jurisdictional bar to the petitioner's claims:  'If the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application.'"  *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding, in the context of a 28 U.S.C. § 2244 petition, "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive'").

Here, there is no evidence in the record that Mr. Salazar has applied to the Ninth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.

ORDER - 4

(*See generally* Dkt.)  Absent that authorization, the court lacks jurisdiction to consider Mr. Salazar's second § 2255 motion.  Instead, the court refers the motion to the Ninth Circuit in accordance with Ninth Circuit Rule 22-3(a).  *See* 9th Cir. R. 22-3(a) (providing that if an unauthorized second or successive § 2255 motion is filed in district court, the district court "may, in the interests of justice, refer it to the court of appeals").

## IV.   CONCLUSION

For the foregoing reasons, the court REFERS Mr. Salazar's second § 2255 motion (Dkt. # 1) to the Ninth Circuit Court of Appeals pursuant to Ninth Circuit Rule 22-3(a). The court DIRECTS the Clerk to send this order and Mr. Salazar's second § 2255 motion to the Ninth Circuit.  The court DENIES Mr. Salazar's remaining motions (Dkt. ## 2-4) without prejudice to Mr. Salazar renewing them if the Ninth Circuit authorizes him to proceed with his second § 2255 motion.

Dated this 6th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5